UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| SEBASTIAN P. BELTRAN,<br><br>　　　　Plaintiff,<br><br>　　v.<br><br>SUPERIOR COURT OF CALIFORNIA, et al.,<br><br>　　　　Defendants. | Case No. 1:19-cv-01436-LJO-EPG (PC)<br><br>ORDER FOR PLAINTIFF TO:<br><br>(1) FILE A FIRST AMENDED COMPLAINT; OR<br><br>(2) NOTIFY THE COURT THAT HE WISHES TO STAND ON HIS COMPLAINT, SUBJECT TO THIS COURT ISSUING FINDINGS AND RECOMMENDATIONS TO THE DISTRICT JUDGE CONSISTENT WITH THIS ORDER<br><br>(ECF NO. 1)<br><br>THIRTY (30) DAY DEADLINE |

　　Plaintiff, Sebastian P. Beltran, is a state prisoner proceeding *pro se* in this civil rights action pursuant to 42 U.S.C. § 1983. Plaintiff filed the complaint commencing this action on October 9, 2019. (ECF No. 1.) The Court has screened Plaintiff's complaint and finds that it fails to state a claim because it fails to comply with Federal Rules of Civil Procedure 8, 18, and 20.

　　The Court notes that it is not determining that any of Plaintiff's claims are without merit. Instead, as discussed below, the Court has determined that Plaintiff should file an amended complaint that includes only related claims. If Plaintiff wishes to pursue unrelated claims, he should file separate complaints in separate cases. Alternatively, Plaintiff may choose to stand on this complaint, in which case this Court will issue findings and recommendations to

1

the assigned district judge, recommending that this case be dismissed for the reasons set forth below.

I. **SCREENING REQUIREMENT**

The Court is required to screen complaints brought by inmates seeking relief against a governmental entity or officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). The Court must dismiss a complaint or portion thereof if the inmate has raised claims that are legally "frivolous or malicious," that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A(b)(1), (2).

Under Federal Rule of Civil Procedure 8(a), a complaint is required to contain "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). Detailed factual allegations are not required, but "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citing *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007)). Plaintiff must set forth "sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Id*. (quoting *Twombly*, 550 U.S. at 570). The mere possibility of misconduct falls short of meeting this plausibility standard. *Id*. at 679. While a plaintiff's allegations are taken as true, courts "are not required to indulge unwarranted inferences." *Doe I v. Wal-Mart Stores, Inc*., 572 F.3d 677, 681 (9th Cir. 2009) (citation and quotation marks omitted). Additionally, a plaintiff's legal conclusions are not accepted as true. *Iqbal*, 556 U.S. at 678.

Pleadings of pro se plaintiffs "must be held to less stringent standards than formal pleadings drafted by lawyers." *Hebbe v. Pliler*, 627 F.3d 338, 342 (9th Cir. 2010) (holding that pro se complaints should continue to be liberally construed after *Iqbal*.

II. **SUMMARY OF PLAINTIFF'S COMPLAINT**

Plaintiff's complaint lists a myriad of claims under three broad categories. The incidents alleged in these claims occurred over a period of more than twenty years, and also appear to have occurred in at least three different institutions: San Bernardino County Jail; an unnamed

prison where Plaintiff was incarcerated after he was sentenced and until nine years ago; and the California Correctional Institution at Tehachapi, where Plaintiff has been incarcerated for the past nine years. Plaintiff names as defendants the Superior Court of California for the County of San Bernardino; the County Jail of San Bernardino; the California Department of Corrections and Rehabilitation; and Mr. Sullivan, Warden.

It appears that most of Plaintiff's claims are unrelated. For example, Plaintiff raises claims about his arrest on June 30, 1996, and the removal of his daughter and step-daughter and the placement of those children into foster care on that same date, and names a single individual—Officer Morales—in relation to those claims but has not named Officer Morales as a defendant. Plaintiff raises claims about his arrest three years later in 1999-2000 by Officer Morales. Plaintiff also raises claims about his subsequent trial, the representation provided by appointed counsel, the evidence against him, his conviction, and his sentence, but does not name a specific defendant in relation to those claims. Plaintiff raises claims against the CDCR about the conditions of his confinement at what appear to be two different prisons over an approximate twenty-year period, including claims about denial of visitation with his children, the adequacy of mental/dental care, denial of access to the law library and his legal materials, interference with legal mail, and failure to protect Plaintiff's confidential information. Finally, Plaintiff raises a claim regarding the denial of parole/failure to release Plaintiff from confinement.

### III. PLEADING STANDARDS

As set forth above, Rule 8(a) of the Federal Rules of Civil Procedure require a complaint to contain "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). Although a complaint is not required to include detailed factual allegations, it must set forth "sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Iqbal*, 556 U.S. at 678. The complaint must specifically state what each defendant did that violated the plaintiff's constitutional rights.

A complaint must also comply with the requirements of Federal Rules of Civil Procedure 18 and 20. Under these rules, a plaintiff may not proceed on a myriad of unrelated

claims against different defendants in a single action. Fed. R. Civ. P. 18(a), 20(a)(2). "The controlling principle appears in Fed. R. Civ. P. 18(a): 'A party asserting a claim to relief as an original claim, counterclaim, cross-claim, or third party claim, may join, either as independent or as alternate claims, as many claims, legal, equitable, or maritime, as the party has against an opposing party.' Thus multiple claims against a single party are fine, but Claim A against Defendant 1 should not be joined with unrelated Claim B against Defendant 2. Unrelated claims against different defendants belong in different suits, not only to prevent the sort of morass [a multiple claim, multiple defendant] suit produce[s], but also to ensure that prisoners pay the required filing fees-for the Prison Litigation Reform Act limits to 3 the number of frivolous suits or appeals that any prisoner may file without prepayment of the required fees. 28 U.S.C. § 1915(g)." *K'napp v. California Dept. of Corrections,* 2013 WL 5817765, at *2 (E.D. Cal., Oct. 29, 2013), *aff'd sub nom. K'napp v. California Dept. of Corrections & Rehabilitation*, 599 Fed. Appx. 791 (9th Cir. 2015) (alteration in original) (quoting *George v. Smith*, 507 F.3d 605, 607 (7th Cir. 2007). *See also* Fed. R. Civ. P. 20(a)(2) ("Persons… may be joined in one action as defendants if: (A) any right to relief is asserted against them jointly, severally, or in the alternative with respect to or arising out of the same transaction, occurrence, or series of transactions or occurrences; and (B) any question of law or fact common to all defendants will arise in the action.").

## IV. APPLICATION TO PLAINTIFF'S COMPLAINT

As summarized above, most of Plaintiff's claims involve separate occurrences at different times, against different defendants, and at different institutions of confinement. At least some of the incidents occurred years apart. Accordingly, Plaintiff has failed to comply with Federal Rules of Civil Procedure 18 and 20.

Plaintiff has also failed to comply with Federal Rule of Civil Procedure 8 as to most if not all of his claims because the complaint does not contain a short and plain statement of his claims showing that he is entitled to relief. *See* Fed. R. Civ. P. 8(a). Plaintiff's complaint lists various claims, but does not say what each individual defendant did, so the Court cannot evaluate whether Plaintiff has described something that violates his constitutional rights.

Because Plaintiff's complaint fails to comply with the above authorities and principles, and because "leave to amend shall be freely given when justice so requires," Fed. R. Civ. P. 15(a), the Court will allow Plaintiff to amend his complaint. In the amended complaint, Plaintiff should pick a claim to proceed on. He may also proceed on related claims in compliance with Federal Rules of Civil Procedure 18 and 20. As to his unrelated claims, if Plaintiff wishes to proceed on those claims he should file separate actions. For any claim on which Plaintiff chooses to proceed, he must include a short and plain statement of what each defendant did, such as what he or she said or wrote or did to Plaintiff. Then Plaintiff should try to explain why he believes that action, or lack of action, violated Plaintiff's constitutional rights.

Alternatively, instead of filing an amended complaint Plaintiff may choose to stand on this complaint, in which case this Court will issue findings and recommendations to the assigned district judge, recommending that this case be dismissed without prejudice for the reasons laid out in this order.

In the event Plaintiff chooses to file an amended complaint, the Court provides Plaintiff with the following additional guidance that appears to be applicable to some of the claims that Plaintiff seeks to raise.[1]

**A. Habeas Proceedings**

"[A] prisoner in state custody cannot use a § 1983 action to challenge the fact or duration of his confinement. He must seek federal habeas corpus relief (or appropriate state relief) instead." *Wilkinson v. Dotson*, 544 U.S. 74, 78 (2005) (citations and internal quotation marks omitted). Here, some of Plaintiff's claims are challenging his underlying conviction, his sentence, the denial of his parole, and his continued confinement. These claims challenging the fact or duration of his confinement must be brought through a federal habeas action (or

---

[1] If Plaintiff chooses to file an amended complaint, he does not need to include any attachments. To the extent he chooses to include attachments, he is cautioned that he must fully redact any identifying information about minors or other alleged victims, and any unnecessary graphic descriptions of alleged sexual abuse.

5

appropriate state action). They cannot be brought in a § 1983 action. The Court will direct the Clerk of the Court to provide Plaintiff with a § 2254 habeas complaint form that Plaintiff may use if he chooses to proceed with his claims challenging the fact or duration of his confinement.[2]

**B. Favorable Termination Rule –** *Heck v. Humphrey*

In *Heck v. Humphrey*, 512 U.S. 477, 486-87 (1994), the United States Supreme Court held that to recover damages for "harm caused by actions whose unlawfulness would render a conviction or sentence invalid," a § 1983 plaintiff must prove that the conviction or sentence was reversed, expunged, or otherwise invalidated. This "favorable-termination rule" laid out in *Heck* preserves the rule that claims which, if successful, would necessarily imply the invalidity of a conviction or sentence, must be brought by way of a petition for writ of habeas corpus, after exhausting appropriate avenues for relief. *Muhammad v. Close*, 540 U.S. 749, 750-751 (2004).

"The applicability of the favorable termination rule turns solely on whether a successful § 1983 action would necessarily render invalid a conviction, sentence, or administrative sanction that affected the length of the prisoner's confinement." *Ramirez v. Galaza*, 334 F.3d 850, 856 (9th Cir. 2003). In *Smithart v. Towery*, 79 F.3d 951, 952 (9th Cir. 1996), the court held that, "if a criminal conviction arising out of the same facts and is fundamentally inconsistent with the unlawful behavior for which section 1983 damages are sought, the 1983 action must be dismissed." But if the "action, even if successful, will not demonstrate the invalidity of any outstanding criminal judgment against the plaintiff, the action should be allowed to proceed, in the absence of some other bar to the suit." *Heck*, 512 U.S. at 487.

Here, some of Plaintiff's claims appear to be challenging his underlying conviction and sentence. Again, to the extent Plaintiff is challenging the fact or duration of his confinement, such challenges must be brought through a petition for habeas corpus. To the extent Plaintiff is not challenging the fact or duration of his confinement, but brings claims that, if successful,

---

[2] Petitions for habeas relief under § 2254 are subject to separate exhaustion and statute of limitations requirements. *See* 28 U.S.C. § 2254.

6

would necessarily render his conviction or sentence invalid, those claims can proceed only if Plaintiff demonstrates that the underlying conviction has been reversed, expunged, or otherwise invalidated.

## V. CONCLUSION AND ORDER

The Court has screened Plaintiff's complaint and finds that it fails to state a claim because it does not comply with Federal Rules of Civil Procedure 8, 18, and 20. The Court notes that it is not determining the merit of any of Plaintiff's claims.

Under Rule 15(a) of the Federal Rules of Civil Procedure, "leave to amend shall be freely given when justice so requires." Accordingly, the Court will provide Plaintiff with time to file an amended complaint. *Lopez v. Smith*, 203 F.3d 1122, 1126-30 (9th Cir. 2000).

Plaintiff is advised that an amended complaint supersedes the original complaint, *see Lacey v. Maricopa County*, 693 F.3d. 896, 907 n.1 (9th Cir. 2012) (*en banc*), and must be complete without reference to the prior or superseded pleading, *see* Local Rule 220. Therefore, in an amended complaint, as in an original complaint, each claim and the involvement of each defendant must be sufficiently alleged. The amended complaint should be clearly and boldly titled "First Amended Complaint," refer to the appropriate case number, and be an original signed under penalty of perjury.

Additionally, in the amended complaint, Plaintiff should pick a claim to proceed on. He may also proceed on related claims in compliance with Federal Rules of Civil Procedure 18 and 20.[3] As to his unrelated claims, if Plaintiff wishes to proceed on those claims he should file separate actions.

Plaintiff should also note that although he has been given the opportunity to amend, it is not for the purpose of changing the nature of this lawsuit or adding more unrelated claims. *George v. Smith*, 507 F.3d 605, 607 (7th Cir. 2007) (no "buckshot" complaints).

---

[3] Plaintiff may not bring claims for relief under 28 U.S.C. § 2254 and claims for relief under § 1983 in the same action. He must, instead, bring such claims in separate actions.

Alternatively, instead of filing an amended complaint Plaintiff may choose to stand on this complaint, in which case this Court will issue findings and recommendations to the assigned district judge, recommending that this case be dismissed without prejudice.

Accordingly, based on the foregoing, IT IS HEREBY ORDERED that:

1. The Clerk of Court shall send Plaintiff both a § 1983 civil rights complaint form and a § 2254 habeas complaint form;
2. Within **thirty (30) days** from the date of service of this order, Plaintiff shall either:
   a. File a First Amended Complaint; or
   b. Notify the Court that he wishes to stand on the complaint, subject to this Court issuing findings and recommendations to the assigned district judge consistent with this order;
3. If Plaintiff chooses to file an amended complaint, Plaintiff shall caption the amended complaint "First Amended Complaint" and refer to the case number 1:19-cv-01436-LJO-EPG; and
4. If Plaintiff fails to, within **thirty (30) days** from the date of service of this order, (1) file an amended complaint or (2) notify the Court that he wishes to stand on this complaint, the Court will issue findings and recommendations to the assigned district court judge recommending that Plaintiff's case be dismissed for failure to prosecute and failure to comply with a Court order.

IT IS SO ORDERED.

Dated: **January 17, 2020**  /s/ Erica P. Grosjean
UNITED STATES MAGISTRATE JUDGE