UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| SEBASTIAN P. BELTRAN,<br><br>    Plaintiff,<br><br>  v.<br><br>SUPERIOR COURT OF CALIFORNIA, *et al.*,<br><br>    Defendants. | Case No. 1:19-cv-1436-NONE-EPG<br><br>**FINDINGS AND RECOMMENDATIONS RECOMMENDING THAT THIS ACTION BE DISMISSED WITH PREJUDICE**<br><br>(ECF No. 6)<br><br>**OBJECTIONS, IF ANY, DUE WITHIN TWENTY-ONE (21) DAYS**<br><br>**ORDER FOR CLERK OF THE COURT TO ASSIGN A DISTRICT JUDGE** |

  Plaintiff, Sebastian P. Beltran, is a state prisoner proceeding *pro se* in this civil rights action pursuant to 42 U.S.C. § 1983. Plaintiff filed the complaint commencing this action on October 9, 2019. (ECF No. 1.) On January 22, 2020, the Court issued a screening order finding that Plaintiff's complaint fails to state a claim because it fails to comply with Federal Rules of Civil Procedure 8, 18, and 20.  (ECF No. 4)  Plaintiff filed a First Amended Complaint on February 12, 2020, which is before the Court for screening.  (ECF No. 6).

  For the reasons described below, the Court recommends that Plaintiff's complaint be dismissed for failure to state a claim and failure to comply with the Rules of Civil Procedure.

  Plaintiff has twenty-one days to file objections to these findings and recommendations.

\\\

## I. SCREENING REQUIREMENT

The Court is required to screen complaints brought by inmates seeking relief against a governmental entity or officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). The Court must dismiss a complaint or portion thereof if the inmate has raised claims that are legally "frivolous or malicious," that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A(b)(1), (2).

Under Federal Rule of Civil Procedure 8(a), a complaint is required to contain "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). Detailed factual allegations are not required, but "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citing *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007)). Plaintiff must set forth "sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Id*. (quoting *Twombly*, 550 U.S. at 570). The mere possibility of misconduct falls short of meeting this plausibility standard. *Id.* at 679. While a plaintiff's allegations are taken as true, courts "are not required to indulge unwarranted inferences." *Doe I v. Wal-Mart Stores, Inc*., 572 F.3d 677, 681 (9th Cir. 2009) (citation and quotation marks omitted). Additionally, a plaintiff's legal conclusions are not accepted as true. *Iqbal*, 556 U.S. at 678.

Pleadings of pro se plaintiffs "must be held to less stringent standards than formal pleadings drafted by lawyers." *Hebbe v. Pliler*, 627 F.3d 338, 342 (9th Cir. 2010) (holding that pro se complaints should continue to be liberally construed after *Iqbal*.

## II. ALLEGATIONS IN THE FIRST AMENDED COMPLAINT

Plaintiff alleges as follows in his First Amended Complaint:

Plaintiff alleges that starting in November 1996, Plaintiff's niece who was taking care of his two daughters started manipulating everything and telling lies. The Judge ordered to release plaintiff for insufficient evidence from the County jail and told Plaintiff that this case will be closed with three years observations. Then, one month before the end of three years,

1  Plaintiff received a letter from the court ordered by the Judge that the case was closed.  That
2  was 1999.  After a few months of the year, Plaintiff got arrested again by the same officer
3  Morales with the same charges.  But Plaintiff's two daughters were not living with him since he
4  was released from County Jail because the District Attorney sent them to foster homes, paying
5  $10,000 for their foster care.  In Plaintiff's three years in County Jail, Plaintiff was exhausted
6  going back and forth to court, but Plaintiff heard from the public defender that he should take
7  the deal because if not you will get life sentence and die in prison.

8        There is no Due Process or Equal Protection, Double Jeopardy, even the judge telling
9  another judge that if Plaintiff will not get the deal, she will give Plaintiff 150 years to life.
10 Plaintiff was scared to death thinking about the future of his children.  Plaintiff says this is a
11 violation of his constitutional rights.

12       Plaintiff keeps on telling his counselor public defender, let's go to a jury trial.  His
13 response is no we cannot win this case, because according to him they have strong evidence in
14 a DNA report by the expert doctor.  Plaintiff asked him to show it to Plaintiff.  Plaintiff kept on
15 requesting this.  But to this day, for almost 21 years now, Plaintiff is still denied.  Plaintiff
16 asserts he is fully exonerated by the DNA evidence.  These are all hearsay and false evidence
17 that threat, forcing Plaintiff to get the deal without reading the Rule 11 by the Judge, whether
18 the deal is voluntary or involuntary, not even ordering to see the probation officer to see his
19 information like family background, criminal history, medical issue, and education.

20       Also, it is a violation of P.C. 1192.3.  Plaintiff's attorney said if you get this deal, it is
21 only three years, which Plaintiff already did in County Jail.  All of a sudden, Plaintiff received
22 two life sentences, which also violates the sentencing table, as well as Penal Code 288(b)(1), as
23 similar offenses do not receive life sentences.

24       Plaintiff asserts that Defendants have destroyed his family by taking his children
25 without his consent and giving them to foster care.  Plaintiff asserts this is kidnapping.

26       In the almost twenty years in prison, it is scary because of the sensitive charges.
27 Plaintiff believes he is in danger because CDCR counselor, correctional office, medical staff,
28 even the library custodian have access to your charges.  Once they know, they treat you with

disrespect even yelling at you, especially at CCI, Tehachapi Facility D-Yard under Sergeant Eaton. This sergeant will tell everybody that 80 percent of the people in D-yard is a sex offender. This place needs to investigate or summon the warden, Mr. Sullivan.

The correctional officer had no idea about the ADA remedial plan. They treat inmates like animals, forcing inmates to work hard labor, even into an inmate's old age.

This old building was built in 1934. It has old pipes that are contaminated with lead. Inmates are getting sick. Ninety-nine percent are taking medication. There is mold everywhere. There is limited food. Inmates are always on lock down. There is limited access to the library, which is always closed. This is a level II preparation to go back to the community. Staff is always disrespectful, probably because they are always working double time, 16 hours a day.

Plaintiff attaches several exhibits regarding cases and criminal abstracts related to other individuals, including Franklin Barrios (ECF No. 6, at p. 12), Luis Ramirez (ECF No. 6, at p. 15), Miguel Paredes (ECF No. 6, at p. 16), Juan Perez Suchite (ECF No. 6, at p. 17), Heriberto Mendoza (ECF No. 6, at p. 20), Jorge Saldana (ECF, No. 6, at p. 21), Rudy Jimenez (ECF No. 6, at p. 22).

### III. PLEADING STANDARDS

As set forth above, Rule 8(a) of the Federal Rules of Civil Procedure require a complaint to contain "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). Although a complaint is not required to include detailed factual allegations, it must set forth "sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Iqbal*, 556 U.S. at 678. The complaint must specifically state what each defendant did that violated the plaintiff's constitutional rights.

A complaint must also comply with the requirements of Federal Rules of Civil Procedure 18 and 20. Under these rules, a plaintiff may not proceed on a myriad of unrelated claims against different defendants in a single action. Fed. R. Civ. P. 18(a), 20(a)(2). "The controlling principle appears in Fed. R. Civ. P. 18(a): 'A party asserting a claim to relief as an original claim, counterclaim, cross-claim, or third party claim, may join, either as independent

or as alternate claims, as many claims, legal, equitable, or maritime, as the party has against an opposing party.' Thus multiple claims against a single party are fine, but Claim A against Defendant 1 should not be joined with unrelated Claim B against Defendant 2. Unrelated claims against different defendants belong in different suits, not only to prevent the sort of morass [a multiple claim, multiple defendant] suit produce[s], but also to ensure that prisoners pay the required filing fees-for the Prison Litigation Reform Act limits to 3 the number of frivolous suits or appeals that any prisoner may file without prepayment of the required fees. 28 U.S.C. § 1915(g)." *K'napp v. California Dept. of Corrections,* 2013 WL 5817765, at *2 (E.D. Cal., Oct. 29, 2013), *aff'd sub nom. K'napp v. California Dept. of Corrections & Rehabilitation*, 599 Fed. Appx. 791 (9th Cir. 2015) (alteration in original) (quoting *George v. Smith*, 507 F.3d 605, 607 (7th Cir. 2007)). *See also* Fed. R. Civ. P. 20(a)(2) ("Persons… may be joined in one action as defendants if: (A) any right to relief is asserted against them jointly, severally, or in the alternative with respect to or arising out of the same transaction, occurrence, or series of transactions or occurrences; and (B) any question of law or fact common to all defendants will arise in the action.").

As summarized above, most of Plaintiff's claims involve separate occurrences at different times, against different defendants, and at different institutions of confinement. At least some of the incidents occurred years apart. Accordingly, Plaintiff has failed to comply with Federal Rules of Civil Procedure 18 and 20.

Plaintiff has also failed to comply with Federal Rule of Civil Procedure 8 as to most if not all of his claims because the complaint does not contain a short and plain statement of his claims showing that he is entitled to relief. *See* Fed. R. Civ. P. 8(a). Plaintiff's complaint lists various claims, but does not say what each individual defendant did, so the Court cannot evaluate whether Plaintiff has described something that violates his constitutional rights.

The Court screened Plaintiff's complaint and alerted him to this requirement in its prior screening order. (ECF No. 4). Plaintiff did not comply with these rules in his First Amended Complaint. Plaintiff's complaint is subject to dismissal on these grounds.

Additionally, because Plaintiff does not allege any specific claim against a specific

defendant, Plaintiff's complaint fails to state a claim.

## IV. LIMITATIONS ON CHALLENGES TO SENTENCING

### a. Habeas Proceedings

As the Court explained in its first screening order, "a prisoner in state custody cannot use a § 1983 action to challenge the fact or duration of his confinement. He must seek federal habeas corpus relief (or appropriate state relief) instead." *Wilkinson v. Dotson*, 544 U.S. 74, 78 (2005) (citations and internal quotation marks omitted). Here, some of Plaintiff's claims are challenging his underlying conviction, his sentence, and his continued confinement. These claims challenging the fact or duration of his confinement must be brought through a federal habeas action (or appropriate state action). They cannot be brought in a § 1983 action.[1]

### b. Favorable Termination Rule – *Heck v. Humphrey*

In *Heck v. Humphrey*, 512 U.S. 477, 486-87 (1994), the United States Supreme Court held that to recover damages for "harm caused by actions whose unlawfulness would render a conviction or sentence invalid," a § 1983 plaintiff must prove that the conviction or sentence was reversed, expunged, or otherwise invalidated. This "favorable-termination rule" laid out in *Heck* preserves the rule that claims which, if successful, would necessarily imply the invalidity of a conviction or sentence, must be brought by way of a petition for writ of habeas corpus, after exhausting appropriate avenues for relief. *Muhammad v. Close*, 540 U.S. 749, 750-751 (2004).

"The applicability of the favorable termination rule turns solely on whether a successful § 1983 action would necessarily render invalid a conviction, sentence, or administrative sanction that affected the length of the prisoner's confinement." *Ramirez v. Galaza*, 334 F.3d 850, 856 (9th Cir. 2003). In *Smithart v. Towery*, 79 F.3d 951, 952 (9th Cir. 1996), the court held that, "if a criminal conviction arising out of the same facts and is fundamentally inconsistent with the unlawful behavior for which section 1983 damages are sought, the 1983 action must be dismissed." But if the "action, even if successful, will not demonstrate the

---

[1] Petitions for habeas relief under § 2254 are subject to separate exhaustion and statute of limitations requirements. See 28 U.S.C. § 2254.

invalidity of any outstanding criminal judgment against the plaintiff, the action should be allowed to proceed, in the absence of some other bar to the suit." *Heck*, 512 U.S. at 487.

Here, some of Plaintiff's claims appear to be challenging his underlying conviction and sentence. Again, to the extent Plaintiff is challenging the fact or duration of his confinement, such challenges must be brought through a petition for habeas corpus. To the extent Plaintiff is not challenging the fact or duration of his confinement, but brings claims that, if successful, would necessarily render his conviction or sentence invalid, those claims can proceed only if Plaintiff demonstrates that the underlying conviction has been reversed, expunged, or otherwise invalidated.

## V. CONCLUSION AND RECOMMENDATIONS

For the reasons described above, the Court recommends that Plaintiff's complaint be dismissed for failure to state a claim and comply with the Federal Rules of Civil Procedure.

The Court does not recommend granting further leave to amend because the Court provided Plaintiff with applicable legal standards and an opportunity to amend his complaint, and further amendment would be futile.

Accordingly, the Court HEREBY RECOMMENDS that:

1. Plaintiff's complaint be dismissed for failure to state a claim and failure to comply with the Rules of Civil Procedure; and
2. The Clerk of the Court be directed to close this case.

These findings and recommendations are submitted to the district judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l). Within twenty-one (21) days after being served with these findings and recommendations, Plaintiff may file written objections with the court. Such a document should be captioned, "Objections to Magistrate Judge's Findings and Recommendations."

\\\
\\\

Plaintiff is advised that failure to file objections within the specified time may result in the waiver of rights on appeal. *Wilkerson v. Wheeler*, 772 F.3d 834, 839 (9th Cir. 2014) (quoting *Baxter v. Sullivan*, 923 F.2d 1391, 1394 (9th Cir. 1991)).

IT IS SO ORDERED.

Dated: **May 7, 2020**  /s/ Erica P. Grosjean
UNITED STATES MAGISTRATE JUDGE